UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN E. LUCAS, JR., | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:09-CV-0428 PS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner John Lucas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Lake Superior Court for dealing in methamphetamine, for which he was sentenced to seven years imprisonment. Lucas states in his petition that he did not appeal his conviction, but that he filed a petition for jail time credit on July 6, 2009, raising the claims he now seeks to present to this court. He states that he "did NOT receive a hearing - petition was judicially denied . . . [on] . . . July 9, 2009." (DE 1-1 at 2). Lucas filed a second petition for jail time credit on August 3, 2009, which was also denied without a hearing on August 4, 2009. (*Id.*). Lucas concedes in his petition that he did not "appeal to a higher court." (*Id.*).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. *Id*. at 845. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

This petitioner has not presented his claims to the Indiana Court of Appeals or to the Indiana Supreme Court. Accordingly, he has not exhausted his state court remedies.

For the reasons stated in this order, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**SO ORDERED**.

DATED: October 30, 2009

/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT